UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. BARTHOLOMEW and
LIGHTHOUSE MANAGEMENT
GROUP, INC., as Receiver for
Lakeland Construction Finance, LLC,

    Plaintiffs,

v.   **Memorandum of Law & Order**
Civil File No. 09-1279 (MJD/AJB)

AVALON CAPITAL GROUP, INC.,

    Defendant.

Edward T. Wahl, Michael M. Krauss, Faegre & Benson LLP, Counsel for Plaintiffs.

David M. Schiffman, James F. Bendernagel, Jr., Sidley Austin LLP, Richard D. Anderson, Richard G. Mark, Jason R. Asmus, Briggs & Morgan, LLP, Counsel for Defendant.

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Certify for section 1292(b) Appeal [Docket No. 22]. Plaintiffs filed a Complaint requesting Avoidance of Fraudulent Transfers under the Minnesota Uniform Fraudulent Transfer Act ("UFTA"), Recovery of Illegal Purported Equity Transfers under

Minnesota Statute section 322B.54, Breach of Fiduciary Duty, and Unjust Enrichment. This Court denied Defendant's Motion to Dismiss and Defendant now seeks interlocutory review. The Court now denies Defendant's Motion for Interlocutory Appeal.

## II. DISCUSSION

### A. Standard for Interlocutory Appeal

Interlocutory appeals from non-final District Court orders are permitted under 28 U.S.C. § 1292(b). To qualify for interlocutory appeal, a movant must establish that: (1) the order "involves a question of controlling law as to which there is substantial ground for difference of opinion" and (2) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b). "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). "Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Id.

Defendant seeks certification of three issues of law:

(1) Whether the receiver of a Minnesota limited liability company ("LLC") has standing to assert claims under the UFTA on behalf of the LLC's creditors?

2

(2) Whether there is a cause of action under Minnesota law for breach of fiduciary duty, if an insolvent LLC makes distributions to its controlling member?

(3) Whether there is a cause of action under Minnesota Law for breach of fiduciary duty, if an insolvent LLC borrows from a bank to repay a debt owed to its controlling member?

(Def.'s Mem. in Supp. of Mot. to Certify 1.)

### B. Standing of Receiver to Assert Fraudulent Transfer Claims on behalf of Lakeland's Creditors.

In its Amended Order, the Court held that a receiver of a Minnesota LLC has standing to assert claims under the Minnesota UFTA on behalf of the LLC's creditors. Because Minnesota law governs this diversity action, the Court based its decision on longstanding Minnesota Supreme Court cases that provide receivers with broad powers in representing creditor rights. See Magnuson v. Am. Allied Ins. Co., 189 N.W.2d 28, 33-34 (Minn. 1971); Rogers v. Drewry, 264 N.W. 225, 226 (Minn.1936); Shadewald v. White, 77 N.W. 42, 42 (Minn. 1898); Minn. Thresher Mfg. Co. v. Langdon, 46 N.W. 310, 311 (Minn. 1890). The Court also relied on Minnesota Court of Appeals opinions holding that "the purpose and scope of a receivership is defined by court order," and includes the implied authority to implement that order. Equity Trust Co. Custodian FBO v. Cole, 766 N.W.2d 334, 341 (Minn. Ct. App. 2009); Hancock-Nelson Mercantile v. Weisman,

340 N.W.2d 866, 869 (Minn. Ct. App. 1983). Finally, the Court determined that the receivership Order in this case specifically gave Plaintiffs the authority to sue on behalf of Lakeland's creditors.

To establish substantial ground for difference of opinion Defendant relies on opinions from the Second and Seventh Circuits, none of which examine Minnesota law. It also relies on an Eighth Circuit opinion which analyzes the legislative history of federal bankruptcy laws. It has not presented any Minnesota cases that contradict or conflict with the Amended Order. "[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." White, 43 F.3d at 378. Defendants therefore have not established substantial ground for difference of opinion as required for interlocutory appeal. See Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 647 (8th Cir. 2005) (finding no substantial ground for difference of opinion on an issue governed by Iowa law where it offered no "Iowa opinions, statutes or rules" at odds with the district court's order). For this reason, the Court denies Defendant's request for interlocutory appeal on the question of standing.

### C. Breach of Fiduciary Duty Claims

Defendant next challenges the Court's decision not to dismiss Plaintiffs' breach of fiduciary duty claims in Counts VII and VIII of the Complaint.

In Count VII, Plaintiffs allege that Defendant, as manager and controlling member of Lakeland, violated its duty of loyalty to Lakeland by causing it to take out $33,572,462.74 million in secured debt in order to pay out equity and dividends to Defendant.  Specifically,  Plaintiffs allege that Avalon was the manager and controlling member of Lakeland and therefore owed Lakeland a fiduciary duty of loyalty and to act in the best interest of Lakeland with due care under Minnesota Statute section 322B.69.   Despite this duty, Plaintiffs allege that Defendant provided Lakeland with less than reasonably equivalent value in exchange for the equity and left Lakeland in a precarious financial situation.  In its Amended Order, the Court concluded that Plaintiff properly pled a claim of breach of fiduciary duty based on these factual allegations.

Defendant argues that Helm Financial Corp. v. MNVA Railroad, Inc., 212 F.3d 1076, 1081 (8th Cir. 2000), dictates that an equity distribution cannot be challenged as a breach of fiduciary duty under Minnesota law.  It contends that the Court's Amended Order is inconsistent with Eighth Circuit law and should therefore be certified for interlocutory appeal.  Helm Financial, however, only held that an equity distribution cannot be challenged under Minnesota as a

breach of fiduciary duty owed to a creditor.  Id.  The Complaint, on the other hand, specifically alleges a breach of fiduciary duty owed to Lakeland itself.  It says nothing about a breach of fiduciary duty owed to Lakeland's creditors.  Because the Court determines that Helm Financial does not apply here, it denies Defendant's request for interlocutory appeal as to Count VII.

In Count VIII, Plaintiffs allege that Defendant, as manager and majority owner of Lakeland, violated its duty of loyalty to act in good faith and in the best interests of Lakeland as a result of the purported debt transfer.  In its request for interlocutory appeal, Defendant again focuses on Plaintiffs' failure to allege harm to any of Lakeland's creditors.  In so doing, it again ignores the fact that this claim alleges a breach of fiduciary duty owed to Lakeland, and not Lakeland's creditors.  Defendant has therefore failed to present substantial ground for difference of opinion on this issue.

As stated in the Amended Order, Defendant's duty of loyalty to Lakeland prohibited Defendant from serving "its own personal interests at the expense of the corporation and its stockholders." Diedrick v. Helm, 14 N.W.2d 913, 919 (Minn. 1944).  Moreover, an insider transaction is presumed to be a conflict of interest and the burden is on the insider to prove that it did not breach its duties of loyalty and good faith.  See Miller v. Miller, 222 N.W.2d 71, 82 (Minn. 1974).

In the Complaint, Plaintiffs allege that Defendant put its own interests above Lakeland's by causing the company to take out a secured loan with Bank of Scotland in order to pay off an unsecured loan owed to Defendant. Based on these factual allegations, the Court concludes that Plaintiffs' breach of fiduciary duty claim in Count VII is properly pled, and therefore denies Defendant's request for interlocutory appeal.

### III. CONCLUSION & ORDER

Based on the files, records, and proceedings herein, the Court concludes that Defendant has failed to state substantial ground for difference of opinion as to the three issues it seeks interlocutory appeal on. As a result, the Court declines to address whether immediate appeal from the order may materially advance the ultimate termination of the litigation.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Certify For § 1292(b) Appeal [Docket No. 22] is **DENIED.**

Date: July 25, 2010        s/ Michael J. Davis
                           Michael J. Davis
                           Chief Judge
                           United States District Court